[Civ. No. 20049. Second Dist., Div. One. Apr. 5, 1954.]

PEARLE M. SHAEFFER, Appellant, v. LOS ANGELES TRANSIT LINES (a Corporation), Respondent.

N. E. Youngblood and Paul P. Selvin for Appellant.

Melvin L. R. Harris, George R. Hillsinger and Newell & Chester for Respondent.

DORAN, J.—This is an appeal from the judgment.

The action was for damages. The complaint alleges that plaintiff was injured while on a streetcar operated by defendant and that the accident was the result of the negligence of the motorman. As recited in appellant's brief, "The motorman brought his car to a halt with a jerk at the intersection; the doors flew open; some of the departing passengers alighted; the doors closed; in the press of passengers who were entering and passengers who were riding in a standing position in the forepart of the car, other passengers who so desired had not yet alighted; they, including plaintiff, called 'Out' to the motorman; the motorman again jerked the car and opened the door; plaintiff was thrown to her knees and caught in the door, suffering severe injuries; she was then pulled and helped out of the car by strangers; the car sped away immediately. Plaintiff testified that the jerking of the car caused her to fall. Defendant offered no evidence relating to the operation of the car or to any other possible cause of plaintiff's fall." Respondent points out that, "Appellant has prosecuted this appeal upon a partial transcript of the proceedings before the trial court consisting only of appellant's testimony." Respondent's description of the incident, in part, is as follows: "At the time appellant said 'out, please,' the streetcar had just barely started in motion. After it moved not more than a couple of inches, the operator immediately stopped the streetcar in accordance with appellant's request in order that she could leave the car. Indeed, on her *direct* examination, appellant testified that the streetcar had traveled only a couple of inches and stopped with 'just a jar.' " (Emphasis included.)

 It is contended on appeal that the court's finding, "that defendant's employee was not negligent is not supported by any substantial evidence in this record" and that, "A finding that plaintiff's 'injuries . . . if any, were not proximately caused by reason of negligence on the part of the defendant . . . or its agent or employee' is not supported by substantial evidence in this record."

Respondent, on the other hand, argues that, "Appellant was so thoroughly impeached on a material point that the trial court was justified in disregarding all of her testimony." In this connection the record reveals that plaintiff was still suffering from injuries received in a previous accident with relation to which respondent points out that, "appellant was treated at the General Hospital on January 4, 1952, four days prior to the accident and the entries of the attending physician afford some insight into the credibility of appellant:

" 'January 4, 1952. STR and mobilization to entire spine. Pt. states she has no complaints and feels wonderful today but for me not to put this on chart for if I do they will stop treatments.'

"Furthermore, the clinical notes for appellant following the accident lists exactly the same complaints that she had prior to the accident and could be the basis for an inference that she suffered no new injuries on January 8, 1952."

The foregoing, although not a complete summary, is sufficient to indicate the record as presented to the trial judge.

As a matter of law the evidence is sufficient to support the findings in every respect.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1954.